UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN F. SUSEWITZ,                                    Case No. 14-13020

        Plaintiff,                                  Gerald E. Rosen
v.                                                    United States District Judge

COMMISSIONER OF SOCIAL SECURITY        Michael Hluchaniuk
                                                      United States Magistrate Judge
        Defendant.
_____/

# REPORT AND RECOMMENDATION[1]
# PLAINTIFF'S APPLICATION TO PROCEED IFP (Dkt. 2)

Before the Court is plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. (Dkt. 2). This matter is referred to the undersigned for all pretrial proceedings. (Dkt. 3). An affidavit in support of an IFP application is sufficient if it states that one cannot, because of his poverty, afford to pay for costs of litigation and still provide himself and his family the necessities of life. *See Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 339 (1948). Proceeding IFP is "a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434,

---

[1] This Report and Recommendation is issued pursuant to *Woods v. Dahlberg*, 894 F.2d 197 (6th Cir. 1990) (holding that magistrate judges lack authority to deny pauper status). Title 28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees ("in forma pauperis" or "IFP") provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. §1915(a)(1).

437 (11th Cir. 1986). "In determining IFP eligibility, 'courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess.'" *Cognetto v. Comm'r of Soc. Sec.*, 2014 WL 358465, at *1 (E.D. Mich. 2014), quoting *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 2006 WL 1030284, at *1 (E.D. Pa. 2006); *see also Beres v. Comm'r of Soc. Sec.*, 2014 WL 3924634, *2 (N.D. Ohio 2014) ("In reviewing IFP applications, courts have considered an IFP applicant's monthly income in conjunction with his other financial resources such as resources of a spouse, interests in real estate, and automobiles.").

Having examined plaintiff's application, the Court concludes that her claim of financial hardship is not supported. Plaintiff indicates that she has no wages, but her spouse's wages average approximately $3,200 per month. (Dkt. 2). More importantly, plaintiff indicates that she has $30,000 in cash or in a checking or savings account, among other assets. The Court finds that these statements are insufficient to demonstrate poverty as required to proceed without payment of the filing fee, because they do not show that plaintiff lacks the funds to pay the required filing fee. Financial ability has been found, and thus IFP applications denied, where the applicant's assets were far less than those shown in plaintiff's application. *See e.g.*, *Brown v. Dinwiddle*, 280 Fed.Appx. 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in his savings account

and thus could afford the $455 filing fee for his appeal); *Powell v. Harris*, 2008 WL 4279494, at *3 (N.D.N.Y. 2008) (denying IFP application where the plaintiff earned $18,200 per year and had $1,500 in his savings account).

For the foregoing reasons, the Court **RECOMMENDS** that plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 18, 2014         s/Michael Hluchaniuk
                              Michael Hluchaniuk
                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 18, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Eva I. Guerra.

                              s/Tammy Hallwood
                              Case Manager
                              (810) 341-7887
                              tammy_hallwood@mied.uscourts.gov